Jacob Henry **BARRETT**,
Plaintiff-Appellant,

v.

State of **OREGON**; et al., Defendants-Appellees.

No. 15-35432

United States Court of Appeals,
Ninth Circuit.

Submitted February 14, 2017 *

Filed MARCH 1, 2017

Jacob Henry Barrett, Pro Se

Denise Gale Fjordbeck, Assistant Attorney General, Carson Leonard Whitehead, Assistant Attorney General, Oregon Department of Justice, Salem, OR, for Defendants-Appellees

Before: GOODWIN, FARRIS, and FERNANDEZ, Circuit Judges.

### MEMORANDUM **

Oregon state prisoner Jacob Henry Barrett appeals pro se from the district court's judgment dismissing his 42 U.S.C. § 1983 action alleging federal and state law claims arising out of Barrett's transfer from custody in Oregon to custody in Florida. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *San Remo Hotel L.P. v. San Francisco City & County*, 364 F.3d 1088, 1094 (9th Cir. 2004), *aff'd*, 545 U.S. 323, 125 S.Ct. 2491, 162 L.Ed.2d 315 (2005) (dismissal based on issue preclusion); *Lee v. City of Los Angeles*, 250 F.3d 668, 679 (9th Cir. 2001) (dismissal under Fed. R. Civ. P. 12(b)(6)). We vacate and remand.

The Oregon Supreme Court recently affirmed the Oregon Court of Appeals reversal of the state trial court's judgment dismissing Barrett's petition for writ of habeas corpus. Accordingly, we vacate the district court's dismissal of Barrett's complaint on the ground that it was precluded by the prior habeas decision and remand for further proceedings. *See Cmty. Bank v. Vassil*, 280 Or. 139, 570 P.2d 66, 68-69 (1977) (if a prior judgment is reversed on

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

appeal, it no longer has preclusive effect); *see also Intel Corp. v. Advanced Micro Devices, Inc.*, 12 F.3d 908, 914-15 (9th Cir. 1993) (the preclusive effect of a state court judgment in a federal proceeding is governed by state law).

Barrett's motion for leave to file supplemental briefing, filed on November 7, 2016, is denied.

In light of the decision to remand, we do not reach any other issue on appeal.

Defendants shall bear their own costs on appeal.

**VACATED and REMANDED.**

---

\*\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.